# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

**GEORGE ARTHUR BRUMFIELD**     **CIVIL ACTION NO. 5:13-cv-3280**
      **Alabama DOC #129996**
**VS.**                               **SECTION P**

                                     **JUDGE S. MAURICE HICKS**
**THE STATE OF ALABAMA AND**
**ALABAMA DEPT. OF CORRECTIONS**
**EMPLOYEES AND OFFICIALS**     **MAGISTRATE JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

*Pro se* petitioner George Arthur Brumfield is an inmate in the custody of the Alabama Department of Corrections; he is incarcerated at the Limestone Correctional Facility, Harvest, Alabama.  On December 18, 2013, he filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241.  He claims that he is serving the sentences imposed following his 1981 felony convictions in Tuscaloosa County, Alabama.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED** for lack of jurisdiction.

### *Statement of the Case*

In this proceeding petitioner contests the "extradition hearing where Louisiana State Judge Ware was presiding for 20th Judicial Court, Louisiana, where Judge Ware stated in Court that Alabama had entered falsified paper work to his Court October 2007." He also claims, "... I'm not attacking conviction time or sentence, I'm only attacking defendants for strictly violating my U.S. Constitutional rights and for illegally sentencing me." (As noted above, the

defendants listed herein are all officials of the Alabama Dept. Of Corrections.)

Petitioner alleges four Grounds for Relief, paraphrased as follows:

Ground One – That he was unreasonably seized from the State of Louisiana by the State of Alabama's erroneous, falsified paper work and documents, and seized and taken against his will to the State of Alabama in October 2007 until the present day without counsel to represent his claims.

Ground Two – That he was illegally seized from his home state of Louisiana in the 20th Judicial District Court and taken illegally against his will to Alabama.

Ground Three – That after entering into the custody of the Alabama Department of Corrections on February 1, 1982, he was thereafter officially released from their State Prison and "ejected" from the prison and state and then seized and illegally detained in 2007 in the State of  Louisiana.

Ground Four – That he is being confined involuntarily in Alabama.

He then concludes his petition by asking this Court to order the United States Marshal for the Western District of Louisiana to take him into custody and return him to Louisiana; to hold him in custody in Louisiana "until this matter is properly settled ... and adjudicated;" to give him a fair day in court; to hold the Alabama Department of Corrections officials and employees liable for their falsified paperwork, actions, and deeds; and, to set him free.

### *Law and Analysis*

Petitioner filed a similar civil action in the United States District Court for the Middle District of Louisiana on October 10,  2012. *See George Arthur Brumfield v. State of Alabama Officials and Employees, et al.,* No. 3:12-cv-0641. On October 11, 2012,  United States District Judge Brian A. Jackson ordered dismissal as follows:

A petition for *habeas corpus* filed under §2241 must be filed in the district with jurisdiction over the prisoner or his custodian. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The district of incarceration is the only district that has jurisdiction to entertain a defendant's §2241 petition. *Lee v. Wetzel*, 244 F.3d 370

2

(5th Cir. 2001). This court does not have jurisdiction over this claim because the petitioner is not incarcerated in this district.

Even if the petitioner's *habeas corpus* application were construed as one brought pursuant to 28 U.S.C. §2254, the application would be subject to dismissal. This court does not have jurisdiction over the petitioner's claims because he was not convicted in this district nor is he incarcerated in this district. 28 U.S.C. §1141(d). No. 3:12-cv-0641 at Doc. 4.

The District Court denied a Certificate of Appealabilty (COA) [*id*., Doc. 13] and in due course the United States Fifth Circuit Court of Appeals denied a COA and ordered the dismissal of his appeal. *George Arthur Brumfield v. Alabama Department of Correction Officials et al.*, No. 12-31156.

Petitioner has essentially repackaged the prior *habeas* action filed in the Middle District of Louisiana and filed it in this Court. Once again, he seeks habeas corpus relief pursuant to 28 U.S.C. §2241.  However, he is not incarcerated within the Western District of Louisiana; nor was he convicted in this District.  Further, to the extent that he challenges the extradition proceedings in Louisiana's Twentieth Judicial District Court, he is advised that the 20th Judicial District is comprised of the Parishes of East and West Feliciana, both of which are located within the Middle District of Louisiana. 28 U.S.C. §98(b).  In short, petitioner has alleged no grounds upon which to establish the jurisdiction of this Court to entertain his civil action. Therefore,

**IT IS RECOMMENDED THAT** the petition for writ of *habeas corpus* filed herein by petitioner George Arthur Brumfield pursuant to 28 U.S.C. §2241 be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, January 9, 2014.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE